FILED
Clerk
District Court
FEB 21 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>JOHN GERALD PANGELINAN,<br><br>　　　Defendant. | Case No. 1:04-cr-00018<br><br>**DECISION AND ORDER FINDING VIOLATION OF ALLEGATION NO. 4** |

## I.   INTRODUCTION AND PROCEDURAL HISTORY

On January 20, 2023, the U.S. Probation Office filed a petition for revocation of supervised release (Petition, ECF No. 216)[1] based upon four alleged violations of the conditions of Defendant John G. Pangelinan's supervised release as outlined in the Fourth Amended Judgment entered on December 15, 2022 (ECF No. 214). As a condition of his supervised release, Pangelinan was prohibited from committing another federal, state, or local crime. (*Id.* at 3.) The first two allegations in the Petition pertained to use of methamphetamine, the third was based upon a new CNMI Superior Court criminal case for the offense of disturbing the peace, and the fourth was for "commit[ing] a new criminal offense, to wit: arrested on January 14, 2023 by CNMI Department of Public Safety officers for the offenses of Attempted Suicide and Illegal Possession of a Firearm and Ammunition." (Petition 2.) On January 26, 2023, the Court held the revocation proceeding where it heard testimony and argument regarding the fourth allegation. (Mins., ECF No. 222.) Further, the Court dismissed the third allegation, and continued the matter to February 22, 2023 for the remaining two allegations. (*Id.*)

---

[1] The Petition was amended to include a fifth allegation of "possession of a firearm and ammunition on January 14, 2023." (Am. Violation Worksheet, ECF No. 224-1.)

The government filed a brief in support of its argument for revocation based on Allegation No. 4 for the offense of illegal possession of a firearm and ammunition only (US Br., ECF No. 223), to which the defense filed a response (Def.'s Resp., ECF No. 225.) Based on the Petition, the parties' briefing, and the evidence received, the Court issues this decision and order finding that Defendant violated his condition of supervised release as noted in Allegation No. 4 as to the offense of illegal possession of a firearm and ammunition only. The Court agrees with Defendant that there is no CNMI criminal offense of Attempted Suicide and the facts presented at the hearing do not support such an allegation.

## II. LEGAL STANDARD

For a hearing on violation of a condition of supervised release, a defendant is entitled to written notice of the alleged violation. Fed. R. Crim. P. 32.1(b)(2)(A).

A court "may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release 'if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Denton*, 611 F.3d 646, 650 (9th Cir. 2010) (quoting 18 U.S.C. § 3583(e)(3)). "In determining whether a defendant violated the conditions of his supervised release, a court may consider the defendant's commission of a crime even if the government ultimately did not prosecute the defendant for that crime." *Id.* (citing U.S.S.G. § 7B1.1, cmt. 1; *United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002)).

## III. DISCUSSION

The Ninth Circuit has held that "when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating." *United States*

v. *Havier*, 155 F.3d 1090, 1093 (9th Cir.1998). In *Havier*, the Ninth Circuit found that the alleged violation "of 'standard condition # 1' [which] alluded only to 'another federal, state, or local crime' that had been committed" did not provide sufficient notice required of due process. *Id.* at 1093. In reaching this conclusion, the Ninth Circuit noted that the alleged violation was so vague that "it would be unrealistic to expect a defendant to predict the specific statute which the government intended to charge him with violating" as at the hearing even the district court judge and counsel speculated the alleged offense with suggestions ranging from "felon in possession of a firearm, assault on a police officer, and reckless display of a weapon." *Id.*

Conversely, Pangelinan's alleged violation provided more details of the alleged crime – it included attempted suicide and illegal possession of a firearm and ammunition. Although the Petition did not provide the citation to the statute, the offense being charged is evident from the condition of supervised release – possession of a firearm. Pangelinan's alleged violation is more similar to that in *United States v. Haile*, where the Ninth Circuit found that while the petition did not allege the specific statute, the defendant received sufficient notice through the alleged violation of committing "crimes of 'making threats, aiding and abetting' and 'arson, by aiding and abetting'" as the petition "contained a general description of the crimes at issue, and an accompanying report set forth the relevant factual basis." 527 Fed. App'x 633, 635 (9th Cir. 2013)(unpublished). Here, Pangelinan received sufficient notice as the Petition cited illegal possession of a firearm and ammunition and was accompanied by a declaration attesting to the factual basis of the alleged violation (Decl. 6-8, ECF No. 216).

In its brief, the government identifies 6 CMC § 10601 as the statute that Allegation No. 4 is based upon. (US Br. 4.) The statute criminalizes possession of a firearm and firearm ammunition without a current Firearm Owner's Identification Card, which may not be provided to an applicant

who has been convicted of a crime punishable by more than one year under the laws of any jurisdiction. 6 CMC § 10601(a), (b), (d)(3)(B)(ii). The Court sua sponte takes judicial notice of the criminal offense citation pursuant to Federal Rule of Evidence 201(c)(1). The facts show Pangelinan is not eligible to be issued such a card because of his prior felony conviction in this case. The supervising probation officer testified that Pangelinan was under supervised release after serving years in prison at the Bureau of Prison when he committed the alleged local criminal offense. (ECF No. 222-1.) Additionally, testimony from CNMI Department of Public Safety officers revealed that on January 14, 2023, officers responded to a dispatch call when they came across Pangelinan who had a handgun that was loaded with ammunition. (*Id.*)

Although the government also cited to 18 U.S.C. § 922(g)(1) as the basis for revocation (US Br. 4), the Court rejects this contention as this federal offense is not referenced in the Petition or the accompanying documents. Rather, the Petition alleges Defendant was arrested by CNMI Department of Public Safety officers which can only be for CNMI crimes, not federal offenses.

### IV.  CONCLUSION

Based on the foregoing, the Court finds that the government has proven by a preponderance of the evidence that Pangelinan violated his condition of supervised release prohibiting him from committing local crimes, as charged in Allegation No. 4 in the Petition for the offense of illegal possession of a firearm and ammunition.

IT IS SO ORDERED this 21st day of February, 2023.

_____
RAMONA V. MANGLONA
Chief Judge